IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICARDO HERNANDEZ ZARATE, § § | |
| Movant, § § | |
| V. § § | NO. 3:24-CV-804-E |
| § § | (NO. 3:21-CR-112-E-2) |
| UNITED STATES OF AMERICA, § § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Ricardo Hernandez Zarate under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

The record in the underlying criminal case reflects the following:

On March 23, 2021, Movant was named in a six-count indictment charging him in count two with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, in count three with conspiracy to possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846, in count five with conspiracy to possess with intent to distribute a quantity of a mixture or substance that contained a detectable amount of cocaine, in violation of 21 U.S.C. § 846, and in count six with laundering of monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). CR ECF No.[1]

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No.

11. On January 3, 2022, Movant was named in a two-count superseding information charging him in count one with conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, and in count two with laundering of monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). CR ECF No. 178. Movant entered into a plea agreement pursuant to which he agreed to plead guilty to the offenses charged by the superseding information and the government agreed to recommend that the sentences for counts one and two run concurrently, not to bring any additional charges against Movant based upon the conduct underlying and related to the plea, and to dismiss any remaining charges in the pending indictment. CR ECF No. 180. In addition to the plea agreement, Movant and his counsel signed a waiver of indictment, CR ECF No. 179, and a factual resume. CR ECF No. 182. The waiver of indictment reflected that Movant understood the nature of the charges contained in the superseding information and his rights pertaining to return of an indictment and that he waived those rights voluntarily, knowingly, and intelligently. CR ECF No. 179. The factual resume set forth the elements of the offenses charged by the superseding information and the stipulated facts establishing that Movant had committed those offenses. CR ECF No. 182. The plea agreement set forth the rights Movant was waiving by pleading guilty, the penalties he faced as to each count, the Court's sentencing discretion and role of the guidelines, that the plea was made freely and voluntarily and was not the result of force, threats, promises, or coercion, that Movant waived the right to appeal or otherwise challenge his conviction and sentence except in certain limited circumstances, and that Movant had thoroughly reviewed all the

---

3:21-CR-112-E-2.

legal and factual aspects of the case with counsel and was fully satisfied with his legal representation. CR ECF No. 180.

On February 15, 2022, Movant appeared for re-arraignment and testified under oath that: he understood the nature of the constitutional rights he was giving up by entering a plea of guilty; he could read, write, and understand English and had no difficulty reading the written materials presented to him in the case; he had discussed the guidelines with counsel and was satisfied with the way counsel had represented him; he understood and waived his right to have a grand jury indict him; he understood the charges against him and the elements of each count and he committed each essential element; he reviewed the factual resume with counsel before signing it, understood everything in it, and the stipulated facts contained in it were true and correct; he understood the penalties he faced as to each count; he signed the plea agreement after discussing it with counsel, understood everything in it, and wanted the Court to approve it; he knowingly and voluntarily waived his right to appeal and challenge his conviction and sentence; no one threatened him or made and promises or coerced him into pleading guilty; and, he was pleading guilty because he had committed the offenses charged in the superseding information. CR ECF No. 337.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 38. CR ECF No. 265, ¶ 33. He received two-level enhancements for possession of firearms, *id.* ¶ 34, and importation. *Id.* ¶ 35. He received a four-level enhancement for his role as organizer or leader. *Id.* ¶ 37. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 41, 42. Based on a total offense level of 43 and a criminal history category of I, his guideline imprisonment range was life; however, the statutorily-authorized maximum sentences were less, so the guideline imprisonment term became 720

months. *Id.* ¶ 71. Movant filed objections, CR ECF No. 270, and the probation officer filed an addendum to the PSR supporting the PSR as written. CR ECF No. 276. Movant also filed a motion for downward variance. CR ECF No. 315.

The Court sentenced Movant to a term of imprisonment of 480 months as to count one of the superseding information and a term of 240 months as to count two, to run concurrently. CR ECF No. 356. Movant appealed, CR ECF No. 365, despite having waived the right to do so. CR ECF No. 180, ¶ 13. The United States Court of Appeals for the Fifth Circuit dismissed the appeal. CR ECF No. 481.

## II. GROUNDS OF THE MOTION

Movant asserts four grounds, each alleging that he received ineffective assistance of counsel. ECF No.[2] 4. He says that counsel: (1) failed to file a motion to dismiss the case based on the Speedy Trial Act and failure to timely seek an indictment, *id.* at 4,[3] (2) had him sign a plea agreement without explaining his right to a grand jury indictment, *id.* at 5, (3) told him to answer "yes" and "no" to everything and that he if he was sentenced to more than twenty years he could always "win on appeal," *id.* at 7, and (4) failed to object to the drug quantity and purity and seek a downward departure or variance. *Id.* at 8.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152,

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[3] The page number references to the motion are to "Page __ of 13" reflected at the top right portion of the document on the Court's electronic filing system and are used because the typewritten numbers on the form are not the actual page numbers of the document.

4

164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack.@ *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. **Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different

result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

Any allegation that Movant's plea was not knowing, voluntary, and intelligent is belied by the record, which reflects that the plea was made knowingly and voluntarily and with notice of the consequences thereof. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Movant testified under oath at rearraignment that: he had discussed the guidelines with counsel; he understood that he could not be charged with a felony unless indicted by a grand jury and that he waived that right; he understood the charges against him and that he committed each element of each count; he fully understood the factual resume and all facts therein were true and correct; he understood that he faced a term of imprisonment of not less than five or more than forty years as to count one and a term of imprisonment of not more than twenty years as to count two and that the Court would determine his sentence. CR ECF No. 337. At the very beginning of the hearing, Movant testified that he could read, write, and understand English and that he had no difficulty understanding the

6

documents he had signed.[4] *Id.* at 10. At no time did he have any difficulty or make a request for a translator. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The waiver of indictment, factual resume, and plea agreement he signed are also accorded great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). In the waiver of indictment, Movant acknowledged the rights to which he was entitled with regard to an indictment and waived those rights knowingly, voluntarily, and intelligently. CR ECF No. 179. In the factual resume, Movant stipulated to the facts establishing that he had committed the offenses charged by the superseding information. CR ECF No. 182. The plea agreement reflects that that the plea was freely and voluntarily made and not the result of force or threats or promises aside from those set forth in the agreement and that Movant had thoroughly reviewed all legal and factual aspects of the case with his attorney and was fully satisfied with his attorney's legal representation. CR ECF No. 180. In particular, he had reviewed the guidelines with his counsel but understood that no one could predict the outcome of the Court's consideration of the guidelines in his case. *Id.* at 4. He has not come forward with any evidence bearing the slightest indicia of reliability to overcome his testimony. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (movant seeking relief on the basis of an alleged promise must prove (1) the exact terms of the promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise).

---

[4] At sentencing, Movant's counsel advised the Court that Movant had been in the United States for most of his life, from age 8 to 32 and spoke English perfectly well. CR ECF No. 382 at 40–41, 46. The PSR likewise reflects that Movant told the probation officer that he was fluent in English and Spanish. CR ECF No. 265, ¶ 65.

A plea agreement is not rendered involuntary by the defendant's mere subjective understanding that he will receive a particular sentence. *Spinelli v. Collins*, 992 F.2d 559, 561–62 (5th Cir. 1993). Nor is it rendered involuntary because of a misunderstanding based on counsel's inaccurate prediction that a lesser sentence would be imposed. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989); *United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987). A defendant is not entitled to a hearing based solely on his affidavit contradicting the testimony he gave under oath. *United States v. Smith*, 945 F.3d 860, 863 (5th Cir. 2019); *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006).

Even if Movant could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for counsel's representations. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Court "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Movant has not cited to any contemporaneous evidence to show that he would have insisted on going to trial absent counsel's alleged representations, probably because there is none. Movant's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020).

In his fourth ground, Movant complains that counsel failed to object to the purity and quantity of the methamphetamine or argue for a downward variance or departure based on the disparity between the guideline ranges for methamphetamine and methamphetamine (actual). ECF No. 4 at 8. Counsel did argue that the Court should use the guideline for a mixture of

methamphetamine rather than methamphetamine (actual). CR ECF No. 270 at 2–3; CR ECF No. 382 at 7–8. He also argued for a sentence of 132 months. CR ECF No. 382 at 43. The Court overruled Movant's objections and adopted the findings of the PSR. *Id.* at 53. That Movant did not prevail does not mean that he received ineffective assistance of counsel. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983). Weights and purity levels of the methamphetamine were set forth in the PSR. CR ECF No. 265, ¶¶ 10, 13–14, 17–18, 20. Movant's counsel was not required to make meritless objections. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.").

## V.    CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 4th day of April, 2025.

Ada Brown
UNITED STATES DISTRICT JUDGE